BURDA MEDIA, INCORPORATED, Burda Holding GMBH & Co., KG, a German Limited Partnership, Plaintiffs–Counter–Defendants–Appellees,

v.

Christian VIERTEL, Defendant–Cross–Defendant–Appellant,

Salvador Blumenberg, Hot Line Delivery, Incorporated, Defendants–Counter–Claimants–Cross–Claimants–Cross–Defendants,

Fritz G. Blumenberg, Telecommunication Partners Limited, Transvideo, Agate Reality, TV Broadcast Center, John Lee, Defendants–Cross–Claimants.

No. 14–2815–cv.

United States Court of Appeals, Second Circuit.

May 29, 2015.

Christian T. Viertel, Florence, Italy, for Defendant–Cross–Defendant–Appellant.

No appearance, for Plaintiffs–Counter–Defendants–Appellees.

PRESENT: José Cabranes, Reena Raggi, Denny Chin.

## SUMMARY ORDER

Appellant Christian Viertel, proceeding *pro se*, appeals the district court's judgment denying his third motion to vacate the 2000 default judgment entered against him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Viertel's arguments are barred by the law of the case doctrine, which "forecloses reconsideration of issues that were decid-

ed—or that could have been decided—during prior proceedings" in the same case. *United States v. Williams,* 475 F.3d 468, 471 (2d Cir.2007). His arguments on appeal were either raised and decided in conjunction with his 2004 or 2010 appeals, or could have been raised in one or both of the prior appeals. He has forfeited his argument that the district court's *pro se* intake unit improperly rejected his filings by failing to raise it below. *See In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 132 (2d Cir.2008).

Additionally, we find no reason, in Viertel's brief or elsewhere, to overturn our prior holding that the district court had personal jurisdiction over Viertel, and that the default judgment was properly entered. *See Burda Media, Inc. v. Viertel,* 417 F.3d 292 (2d Cir.2005).

We have considered Viertel's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.